IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LEAP WIRELESS INTERNATIONAL, INC., | |
| Plaintiff, | Civil Action No. 2-06CV-240 TJW |
| v. | |
| METRO PCS COMMUNICATIONS, INC., | **JURY TRIAL DEMANDED** |
| Defendant | |

## COMPLAINT

For its Complaint, Plaintiff Leap Wireless International, Inc. ("Leap") alleges as follows:

### NATURE OF THE ACTION

1.     This is an action for patent infringement. Leap alleges that MetroPCS Communications, Inc. ("Metro") infringes Leap's United States Patent No. 6,813,497 ("the '497 Patent") by making, using, offering for sale, and selling certain flat-rate, unlimited usage, wireless phone services that infringe on the '497 patent. Leap seeks damages, injunctive and other relief for Defendant's willful infringement of the '497 Patent.

### THE PARTIES

2.     Plaintiff Leap is a Delaware corporation with its principal place of business at 10307 Pacific Center Court, San Diego, CA 92121.

3.     Upon information and belief, Defendant Metro is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 8144 Walnut Hill Lane, Suite 800, Dallas, TX, 75231.

698011v1/107572

## JURISDICTION AND VENUE

4.      This action arises under the United States Patent Laws, codified at 35 U.S.C. § 1, et seq.

5.      This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Metro because, upon information and belief, Metro is transacting business and infringing the '497 patent in the Eastern District of Texas.

7.      Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b), because Metro has committed acts of direct and indirect infringement in the Eastern District of Texas and has transacted business in, and has established minimum contacts with, the Eastern District of Texas.

## THE '497 PATENT

8.      On November 2, 2004, United States Patent No. 6,813,497, entitled "Method for Providing Wireless Communication Services and Network and System for Delivering Same" was duly and lawfully issued by the United States Patent and Trademark Office. A true copy of the '497 Patent is attached as Exhibit A.

9.      Leap is the sole owner of the '497 Patent, and holds the right to sue and recover for past, present, and future infringement thereof.

## THE ACCUSED PRODUCT

10      Metro makes, uses, offers for sale, and/or sells a wireless communication systems and associated equipment and services.

11. Metro, on information and belief, currently holds 23 licenses throughout its subsidiaries in the greater Miami, Tampa, Sarasota, Atlanta, San Francisco, Dallas, Sherman, Detroit, and Sacramento metropolitan areas.

12. Metro, on information and belief, currently has over 2 million subscribers.

13. Metro offers customers the opportunity to "pay by the month, not by the minute." This entails flat-rate plans with unlimited anytime local and domestic long distance minutes.

### COUNT 1: Infringement of the '497 Patent by Metro

14. The allegations of paragraphs 1-13 of this Complaint are incorporated by reference as though fully set forth herein.

15. Metro has infringed and continues to infringe the '497 Patent by making, using, selling, offering to sell, and/or importing equipment, services, and/or systems that are covered by one or more claims of the '497 Patent.

16. Metro has induced and continues to induce infringement of the '497 Patent by making, using, selling, offering to sell, and/or importing equipment, services, and/or systems that are covered by one or more claims of the '497 Patent

17. Metro has committed and continues to commit acts of contributory infringement of the '497 by making, using, selling, offering to sell, and/or importing equipment, services, and/or systems that are covered by one or more claims of the '497 Patent.

18. Metro had actual and/or constructive notice of the '497 Patent, but continued to make, use, offer to sell, sell, and/or import products that are covered by one or more claims of the '497 Patent. Accordingly, Metro's infringement of the '497 Patent has been, and continues to be, willful and deliberate.

19. Metro's willful infringement of the '497 Patent makes this case exceptional pursuant to 35 U.S.C. § 285.

20. Metro has caused and will continue to cause Leap substantial damage and irreparable injury by virtue of its past and continuing infringement of the '497 patent. Leap will suffer further damage and irreparable injury unless and until Metro is enjoined by this Court from continuing such infringement.

### PRAYER FOR RELIEF

WHEREFORE, Leap prays for relief against Metro as follows:

a. Judgment that Metro has infringed, induced others to infringe, and committed acts of contributory infringement with respect to the claims of the '497 Patent;

b. Judgment that Metro's patent infringement has been, and continues to be, willful;

c. A permanent injunction enjoining the Defendant, its officers, agents, servants, employees, and those persons in active concert or participation with any of them, from making, using, offering for sale, selling, or importing any product or system that is found to infringe the '497 Patent;

d. Awarding Leap damages adequate to compensate for the infringement by Metro, but in no event less than a reasonable royalty for the use made of the invention by Metro, together with interests and costs under 35 U.S.C. § 284;

e. Trebling the aforesaid damages due to Metro's willful infringement, pursuant to 35 U.S.C. § 284;

f. Awarding pre- and post-judgment interest on the damages assessed;

g. Declaring this case exceptional pursuant to 35 U.S.C. § 285, and awarding Leap its reasonable attorney fees; and

h.    Awarding to Leap such other and further relief as the Court deems just.

## JURY DEMAND

Leap demands a trial by jury.

SUSMAN GODFREY L.L.P.

William Carmody by scc
by permission

William C. Carmody
State Bar No. 03823650
Email: bcarmody@susmangodfrey.com
901 Main Street, Suite 5100
Dallas, TX 75202-1900
Telephone: (214) 754-1900
Facsimile: (214) 754-1933

Lead Attorney for Leap Wireless
International, Inc.

OF COUNSEL:

Max L. Tribble, Jr.
State Bar No. 20213950
Email: mtribble@susmangodfrey.com
Susman Godfrey L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Brooke A. M. Taylor
WA State Bar No. 33190
Email: btaylor@susmangodfrey.com
Susman Godfrey L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

S. Calvin Capshaw
State Bar No  03783900
Email:  ccapshaw@mailbmc.com
Elizabeth L. DeRieux
State Bar No. 05770585
Email:  ederieux@mailbmc.com
Brown McCarroll, L.L.P.
1127 Judson Road, Suite 220
Longview, TX 75601
Telephone:  (903) 236-9800
Facsimile:  (903) 236-8787

Franklin Jones, Jr.
State Bar No. 00000055
Email:  maizieh@millerfirm.com
Jones & Jones, Inc., P.C
201 W. Houston St.
P. O. Drawer 1249
Marshall, TX 75670
Telephone:  (903) 938-4395
Facsimile: (903) 938-3360

Otis W. Carroll, Jr.
State Bar No. 03895700
Email:  fedserv@icklaw.com
Ireland Carroll & Kelley, P.C
6101 S Broadway, Suite 500
Tyler, TX 75703
Telephone:  (903) 561-1600
Facsimile: (903) 581-1071

Robert Christopher Bunt
State Bar No. 00787165
Email: cbunt@cox-internet.com
Robert M Parker
State Bar No. 15498000
Email: rmparker@cox-internet.com
Parker & Bunt, P.C.
100 East Ferguson, Ste. 1114
Tyler, TX 75702
Telephone:  (903) 531-3535
Facsimile: (903) 533-9687

Attorneys for Leap Wireless International, Inc.